UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E. NOEL KING,                                   Case  No.08-14864

　　　　　　Plaintiff,                          Gerald E. Rosen
vs.                                             United States District Judge

IB PROPERTY HOLDINGS,                           Michael Hluchaniuk
ACQUISITION, BAYVIEW LOAN                        United States Magistrate Judge
SERVICING, LLC, HEROLD &
ASSOCIATES, jointly, severally,
individually,

　　　　　　Defendants.
_____/

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTIONS TO DISMISS (Dkt. 4, 8)**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Dkt. 2)**
**AND DEFENDANT'S MOTION FOR RULE 11 SANCTIONS (Dkt. 9)**

## I.    PROCEDURAL HISTORY

Plaintiff, E. Noel King, filed a complaint against defendants on November

19, 2008.  (Dkt. 1).  He also filed a motion for preliminary injunction to enjoin the

sale or transfer of certain real property.  (Dkt. 2).  Defendant Herold and

Associates filed a motion to dismiss on December 15, 2008.  (Dkt. 4).  This matter

was referred to the undersigned for all pretrial purposes by District Judge Gerald

Rosen.  (Dkt. 7).  Defendants IB Property Holdings Acquisition and Bayview

1

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

Loan Servicing, LLC (the Bayview defendants) filed a motion to dismiss on January 12, 2009. (Dkt. 9). The Court ordered plaintiff to respond to the motions to dismiss and ordered defendants to respond to the motion for preliminary injunction by February 23, 2009. (Dkt. 10). Defendant Herold filed a response to the motion for preliminary injunction on January 30, 2009. (Dkt. 11). The Bayview defendants filed a response to the motion for preliminary injunction on February 6, 2009. (Dkt. 12). On February 23, 2009, plaintiff filed a response to the motions to dismiss and also filed a motion for evidentiary hearing. (Dkt. 13, 14). Defendant Harold filed a reply in support of its motion to dismiss on March 4, 2009. (Dkt. 15). The motions to dismiss and motion for preliminary injunction are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that the District Court **GRANT** defendants' motions to dismiss in part, **DISMISS** plaintiff's complaint without prejudice to the real party-in-interest, James King, except as to the Fourteenth Amendment due process claim, which should be **DISMISSED** with prejudice, and **DENY** plaintiff's motion for preliminary injunction. In the alternative, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice, except as to the real party-in-interest, James King, based on plaintiff's violation of Rule 11.

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Complaint and Motion for Preliminary Injunction

Plaintiff claims that he disputed various charges pertaining to his mortgage under the Fair Debt Collection Practices Act (FDCPA) with defendant Bayview and its law firm, defendant Herold.  Plaintiff claims that defendants failed to respond and failed to validate the debt as requested.  According to plaintiff, defendants then proceeded with a foreclosure in violation of the FDCPA.  Plaintiff also asserts a claim of intentional infliction of emotional distress and a violation of his Fourteenth Amendment due process rights.  Based on the foregoing, plaintiff has also filed a motion for preliminary injunction to enjoin the sale or transfer of his property.

Plaintiff alleges that he sent an inquiry to defendants to "validate" the mortgage debt on the property, pursuant to the FDCPA and that defendants failed to respond.  Plaintiff also alleges that, on receipt of the letter requesting validation, the FDCPA required defendants to cease all collection activity and also prohibited them from beginning any foreclosure proceeding.  Plaintiff claims that defendants violated the FDCPA by proceeding with both collection activity and initiating a foreclosure proceeding.

3

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

B.   <u>Defendants' Motions to Dismiss and Plaintiff's Response</u>.

According to Herold, James King executed a mortgage and adjustable rate note on the property.  (Dkt. 4, Exs. D, E).  On March 13, 2008, Herold mailed a letter, with all appropriate FDCPA notices, to James King advising him that his mortgage payments were delinquent and that his loan had been forwarded to Herold for foreclosure proceedings unless the loan was repaid.  (Dkt. 4, Ex. F). According to Herold, James King did not respond to the letter.  Herold explains that the mortgage signed by James King contained a "power of sale" provision, which permitted the lender to initiate foreclosure by advertisement on default. (Dkt. 4, Ex. D, ¶ 22).  The notice of proposed sale was posted on the premises and was advertised for sale in the local newspaper.  (Dkt. 4, Ex. G).  The sheriff's sale was held on April 29, 2008 and the property was sold for $319,000. Approximately six months later, Herold notified James King via letter that the redemption period had expired on October 29, 2008 and that the premises had to be vacated by December 8, 2008.  (Dkt. 4).[1]

Defendant Herold's motion to dismiss is based, in part, on <u>Federal Rule of Civil Procedure 12(b)(1)</u>.  (Dkt. 4).  Herold argues that plaintiff lacks standing,

---

[1]   The letter to which defendant Herold refers is not attached to their motion and does not otherwise appear to be part of the record.

given that he is not the homeowner.  Rather, plaintiff is trying to proceed on behalf

of his father, who is the actual homeowner.  Thus, plaintiff is not a debtor with any

rights under the FDCPA.  Herold also argues that plaintiff lacks standing to assert

an emotional distress or Fourteenth Amendment claim because plaintiff neither

owned nor mortgaged the property at the time of the foreclosure.  (Dkt. 4).

Defendant Herold also moves to dismiss based on lack of proper service of

process because plaintiff merely served the complaint by mail and failed to comply

with the Federal Rules of Civil Procedure and Michigan law on the proper

methods of serving a corporation.  (Dkt. 4).

The Bayview defendants' motion to dismiss is based primarily on lack of

standing because James Emmet King, not plaintiff, signed the adjustable rate note,

the addendum to the note, and the signature/name affidavit.  Plaintiff did not sign

any of these documents.  (Dkt. 8).  The Bayview defendants also claim the

complaint is "devoid of evidence" that the FDCPA applies to them regarding the

enforcement of a written recorded mortgage, that plaintiff ever demanded

verification or that defendants failed to provide the verification.  (Dkt. 8).  The

Bayview defendants also argue that plaintiff's complaint is defective because he

fails to assert that he suffered any attempted collection practices and failed to

attach any communications that violated the FDCPA.  Defendants also assert that

they are not debt collectors within the meaning of the FDCPA and that plaintiff's complaint is so vague that it cannot be answered.  (Dkt. 8).

In response, plaintiff claims that he was "added to the deed" the day after the mortgage loan closed and has power of attorney from his father, and, therefore, does have standing.

In reply, defendant Herold argues that plaintiff still does not have standing because he is not a party to the mortgage and, therefore, cannot be a "consumer" under the FDCPA, and if he does have power of attorney, he did not sue in his father's name, as required, and he cannot act as his father's representative.  (Dkt. 15).  Herold asserts that even accepting plaintiff's claim that he was quitclaimed an interest in the property, his claims still fail as a matter of law because he lacks standing as a "consumer" under the FDCPA.  According to defendant Herold, plaintiff's father is the "only natural person obligation to pay the debt (i.e., the mortgage note)" and therefore, "plaintiff's father is the only person entitled to bring a claim under § 1692g of the FDCPA."  (Dkt. 15, p. 3).

Herold further asserts that even accepting plaintiff's claim that he has power of attorney that allows him to institute litigation on behalf of his father, plaintiff's claims still fail because suit was not brought in plaintiff's father's name and

6

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

plaintiff cannot represent his father's interests without using an attorney.  To

permit plaintiff to do so would be the unauthorized practice of law.  (Dkt. 15).

Herold argues that plaintiff's claims regarding service are unavailing

because he did not seek an order for substituted service and provides no

documentation of his claims that he had various purported problems with his

attempt to serve this defendant personally.  (Dkt. 15).  Lastly, Herold argues that it

is not a state actor, and therefore, plaintiff's Fourteenth Amendment claims must

fail.  *Id*.

C.      Plaintiff's Motion for Preliminary Injunction and Defendants'
         Responses.

In conjunction with his complaint, plaintiff requests a preliminary

injunction to stop the sale and transfer of the subject property.  (Dkt. 2).[2]  In

response to the motion for preliminary injunction, defendant Herold states that the

property was foreclosed by co-defendant Bayview Loan Servicing and that IB

Property Holdings Acquisition was the successful bidder on the property.  (Dkt.

11).  Defendant Herold states that it has no claim or interest in the property and

---

[2]  Docket Entry 2 is identical to Docket Entry 1, which is plaintiff's
complaint.

7

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

therefore, no "influence" on the disposal, sale, or transfer of the property.  (Dkt. 11).

In their response to the motion for preliminary injunction, defendant Bayview confirms that it foreclosed its mortgage on the property at issue and that IB Property Holdings was the successful bidder.  (Dkt. 12, p. 3).  The Bayview defendants also assert that the redemption period has run and that defendant IB Property Holdings is the owner, "free and clear of any interest of the mortgagor." *Id*.  The Bayview defendants assert that plaintiff is not the mortgagor and does not now, nor has he ever had any interest in the property.  Thus, according to the Bayview defendants, plaintiff cannot suffer the requisite irreparable harm that would result from the disposal, sale, or transfer of the property.

### D.    Defendant Herold's Motion for Rule 11 Sanctions

Defendant Herold argues that it has been unfairly forced to defend against plaintiff's patently frivolous claims, given that plaintiff clearly lacks standing to pursue any of the claims that are the subject matter of this lawsuit.  (Dkt. 9). Herold argues that plaintiff's complaint gives the false impression that plaintiff has standing to assert the claims at issue when, in fact, he does not own the property in question and did not sign the mortgage.  (Dkt. 9, Ex. D, E).  No rights of plaintiff were affected by the foreclosure and sheriff's sale.  (Dkt. 9).  Herold

asserts that plaintiff is admittedly the son of James King and plaintiff attempted to file suit against co-defendant Bayview Loan Servicing in the Oakland Country Circuit Court. Attached to the complaint in that matter was a letter from plaintiff to Bayview in which he wrote, in part, "[a]s stated during out telephone conversation, I have made the payments for my father as a goodwill gesture." (Dkt. 9, Ex. A). Defendant Herold also points to the previously filed Oakland Circuit Court action in which plaintiff signed the complaint, even though he and his father were named as plaintiffs, against falsely representing himself as the property owner and mortgagor for the property at issue in this case. (Dkt. 9). Plaintiff also attempted to file a notice of lis pendis on his father's property in connection with the Oakland Circuit Court case. (Dkt. 9, Ex. B).

Defendant Herold argues that plaintiff's attempt to assert claims on behalf of his father was completely frivolous and without a factual basis that even a pro se plaintiff should recognize. (Dkt. 9). Plaintiff's blatant misrepresentations in his complaint that he was the property owner and mortgagor and his history of making similar false representations in other courts suggests that Rule 11 sanctions, including costs and attorney fees, are warranted. (Dkt. 9).

On January 29, 2009, the Court ordered plaintiff to respond to several motions, including defendant Herold's motion for sanctions, by February 23,

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

2009.  (Dkt. 10).  As set forth above, plaintiff filed responses to the motions to

dismiss, but did not file a response to the motion for sanctions.

## III.   DISCUSSION

   A.   <u>Standard of Review</u>

   "When subject matter jurisdiction is challenged under Rule 12(b)(1), the

plaintiff has the burden of proving jurisdiction in order to survive the motion."

*Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  Further, a

district court may "resolve factual disputes when necessary to resolve challenges

to subject matter jurisdiction." *Id.*  Motions to dismiss for lack of subject matter

jurisdiction fall into two general categories: facial attacks and factual attacks.

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack on

subject matter jurisdiction goes to whether the plaintiff has properly alleged a

basis for subject matter jurisdiction, and the trial court takes the allegations of the

complaint as true.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325

(6th Cir. 1990).  A factual attack is a challenge to the factual existence of subject

matter jurisdiction.  No presumptive truthfulness applies to the factual allegations,

and the court is free to weigh the evidence and satisfy itself as to the existence of

its power to hear the case.  *Ritchie*, 15 F.3d at 598.  In matters regarding subject

10

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

matter jurisdiction, the court may look to evidence outside the pleadings.  *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The Sixth Circuit adheres to the standard of review for Rule 12(b)(1) motions explained in *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977):

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits of plaintiff's case at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage....

> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. **Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the**

> **trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist**.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (emphasis added), quoting, *Mortensen*, 549 F.2d at 890-891.

"The irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  First, a plaintiff must show that he has suffered an "injury" in fact.  *Id.*  He must have suffered "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.'" *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000), quoting, *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).  Second, a plaintiff must establish a causal connection between the alleged injury and the conduct of which he complains. *Lujan*, 504 U.S. at 560.  That is, the injury must be "fairly traceable" to the defendant's actions.  *Id.*  Third, a plaintiff must demonstrate that the injury is redressable in this action.  *Vt. Agency*, 529 U.S. at 771.

B.      Standing Under the FDCPA

The stated purpose of the FDCPA is "to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.  Under the FDCPA, a "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), or "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."  15 U.S.C. § 1692c(d).

Where a provision of the FDCPA only applies to "consumers," the courts will only permit a "consumer" as defined above, to bring such an action under that particular subsection.  For example, in *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003), the plaintiff attempted to bring a claim on behalf of his mother under § 1692c of the FDCPA.  The Sixth Circuit concluded that the plaintiff did not have standing to bring this claim because nowhere in his complaint did he allege that he was his mother's legal guardian or that he was otherwise obligated or allegedly obligated to pay any debt in connection with the automobile at issue.  *Id.*  Thus, the Court concluded that the plaintiff did not satisfy the definition of "consumer" and lacked standing.

In this case, plaintiff sues under 15 U.S.C. § 1692g, which, among other things, obligates a debt collector to cease collection activity on notice from "the consumer" that the debt is disputed.  Thus, like § 1692c, violations § 1692g may

only be brought by "the consumer."  *See, e.g.*, [15 U.S.C. § 1692g(a)](#) ("Within five days after the initial communication with a **consumer**..."); § 1692g(b) ("If the **consumer** notified the debt collector in writing... .") (emphasis added).  Plaintiff neither alleges or offers any evidence that he is the legal guardian for his father or that he was personally obligated to pay the mortgage debt.  Indeed, all evidence, including the mortgage note, is to the contrary.  Thus, plaintiff is not a "consumer" and has no standing to bring a claim under the FDCPA.

The undersigned is also not persuaded that plaintiff's assertions regarding the property being quitclaimed to him after the mortgage was executed and his father giving him power of attorney, even if true,[3] operate to change the result.  Although not entirely clear, plaintiff appears to proceed on two related theories.  The first theory is that he is, in fact, a "consumer" because of his purported interest in the property.  This theory is unavailing because in order to be a "consumer," plaintiff must have an *obligation to pay the debt*.  While plaintiff offers evidence that he actually made some payments on behalf of his father, plaintiff neither

---

[3]  Plaintiff has not submitted a copy of any such deed or power of attorney. Rather than submitted such evidence in response to the motion to dismiss, plaintiff has sought an "evidentiary hearing."  (Dkt. 13).  Given the recommendations herein, the undersigned declines to hold such an evidentiary and plaintiff's motion for such relief will be denied under separate order.

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

alleges nor offers any evidence showing that he has any obligation to pay the mortgage debt.  Thus, plaintiff is not a "consumer" as defined in the FDCPA.

Plaintiff's second theory appears to be that because his father gave him power of attorney, he was able to communicate with defendants regarding the allegedly disputed debt and can also proceed in this lawsuit on behalf of his father. Plaintiff's theory has several fatal flaws.  Given that plaintiff is not the consumer (i.e., is not obligated to pay the debt at issue), he could only communicate with the debt collector on behalf of his father under very specific circumstances:

> Except as provided in section 1692b of this title, ***without the prior consent of the consumer given directly to the debt collector***, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, ***a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer***, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis added).  Plaintiff neither alleges nor offers any evidence that "prior consent of the consumer," here, plaintiff's father, was "given directly to the debt collector."  And, even if plaintiff's father had given such consent to the debt collector, that does not mean that plaintiff may pursue this lawsuit in own name and on behalf of his father without an attorney:

> While an individual may represent themselves pro se, that is, without the benefit of counsel, all states have laws prohibiting a person who is not a lawyer from representing another person in a legal proceeding. While the power of attorney gives [the plaintiff wife] legal standing to assert claims owned by her husband on his behalf, it does not authorize her to practice law by representing another person, her husband, in a lawsuit: that must still be done by a licensed attorney.

*Kapp v. Booker*, 2006 WL 385306,*2 (E.D. Ky. 2006); *see also Harriman v. Stockton*, 2007 WL 622968, *5 (E.D. Tenn. 2007) ("The power of attorney gives [plaintiff mother] legal standing to assert claims owned by her son ... on his behalf; however it does not authorize [her] to practice law by representing another person, her son, in a lawsuit: that must still be done by an attorney.").

Based on the foregoing, the undersigned suggests that plaintiff does not have standing to bring a FDCPA claim because he is not a "consumer" as defined in the statute and plaintiff may not pursue any claim (including intentional infliction of emotional distress, etc.) in own name and on behalf of his father, without the benefit of a licensed attorney. To the same extent that plaintiff lacks standing and may not bring claims on his father's behalf, he likewise cannot seek a preliminary injunction based on those claims.

C.   <u>Fourteenth Amendment Due Process</u>

In addition to a lack of standing to assert any claims on behalf of his father, the undersigned also suggests that plaintiff's Fourteenth Amendment claim is wholly without merit because no state action is alleged.  As defendant Herold correctly points out, a claim for a due process violation is cognizable only when "the conduct allegedly causation the deprivation of a federal right [can] be fairly attributable to the state."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *see also Northrip v. Fed. Nat'l Mortgage Ass'n*, 527 F.2d 23 (6th Cir. 1975) (no state action exists in foreclosure actions by advertisement).  None of the defendants are alleged to be, nor do they appear to be, state actors.  Thus, the undersigned suggests that plaintiff's Fourteenth Amendment due process claim be dismissed with prejudice.

D.   <u>Intentional Infliction of Emotional Distress</u>

In light of the recommendations above, and in the alternative to the undersigned conclusion that plaintiff lacks standing to bring any claim on behalf of his father, the undersigned also suggests that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claim of intentional infliction of emotional distress.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, ... the state claims

17

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

should be dismissed as well."); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims."). Thus, it is further recommended that plaintiff's state law claim of intentional infliction of emotional distress be dismissed without prejudice as to the real party-in-interest, James King.

     E.    <u>Service of Process</u>

     Defendant Herold also argues that plaintiff's claims should be dismissed because service of process was defective. Michigan law allows service on a corporation "by serving a summons and a copy of the complaint on an officer or the resident agent ***personally*** or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail." *Vasher v. Kabacinski*, 2007 WL 295006, *2 (E.D. Mich. 2007) (emphasis added). And, the "deliberate distinction" between subsection (D)(1) and subsection (D)(2) "suggests that the Michigan Supreme Court did not intend that the term 'serving' be interpreted as synonymous with 'mailing.'" *State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2007 WL 127909, *4 (E.D. Mich. 2007). Thus, plaintiff's service of the summons and complaint by registered or certified

mail only was not proper under Michigan law.  The undersigned also recommends

that defendant Herold's motion to dismiss based on improper service of process be

granted.

     F.    <u>Remainder of the Bayview Defendants' Motion to Dismiss</u>

While the undersigned recommends that plaintiff's complaint against the

Bayview defendants be dismissed for the reasons set forth above as to standing

and the unauthorized practice of law, the undersigned also suggests that the

remainder of these defendants' arguments are so underdeveloped that the Court

should decline to consider them.  In the most conclusory and perfunctory manner,

the Bayview defendants argue that plaintiff failed to state a claim because the

complaint is devoid of "evidence" that the FDCPA is applicable to these

defendants, that plaintiff fails to allege or demonstrate that there was any "initial

communication" by defendants that would trigger any obligation to verify the

debt, that plaintiff failed to attach any "communication" that violates the FDCPA

to his complaint, that these defendants are not debt collectors, and that complaint

is so vague and ambiguous that it cannot be answered.  (Dkt. 8).  The Bayview

defendants' one-sentence brief in support of their motion to dismiss provides no

further illumination of the bases for their motion.  Thus, the undersigned declines

to attempt to divine the remaining grounds for defendants' motion to dismiss to

and suggests that the District Court also decline to do so.  *See, e.g. Newton v. Kentucky State Police*, 2009 WL 648989 (E.D. Ky. 2009), quoting, *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived... It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

G.    Rule 11 Sanctions

Federal Rules of Civil Procedure 11(b) states that, by filing a "pleading, written motion, and other paper" with the court, an attorney or an unrepresented party is certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [,] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Michigan Division-Monument Builders of North America v. Michigan Cemetery Ass'n*, 524 F.3d 726, 738-739 (6th Cir. 2008), quoting, Fed.R.Civ.P. 11(b).  "[I]n this circuit, the test for the imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *Id.* at 739, quoting, *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958

20

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

(6th Cir. 1990).  The test of reasonableness under the circumstances is an objective

standard. *Century Prods., Inc. v. Sutter*, 837 F.2d 247, 253 (6th Cir. 1988).  This

objective standard is intended to eliminate any "empty-head pure-heart"

justification for patently frivolous arguments.  *Nieves v. City of Cleveland*, 153

Fed.Appx. 349, 353 (6th Cir. 2005).

        Rule 11 "stresses the need for some prefiling inquiry into both the facts and

the law to satisfy the affirmative duty imposed by the rule." *Albright v. Upjohn*,

788 F.2d 1217, 1221 (6th Cir. 1986).  A good-faith belief in the merits of a case is

insufficient to avoid Rule 11 sanctions.  *Mann*, 900 F.2d at 958.  Sanctions are

mandatory in the event that the court determines that Rule 11 has been violated,

but the court has "wide discretion" in delineating the extent of the sanctions

imposed.  *Albright*, 788 F.2d at 1222.  "The standard for sanctioning parties is the

same as that for counsel: reasonableness under the circumstances per Rule 11, or

'in bad faith, vexatiously, wantonly, or for oppressive reasons' under this Court's

inherent sanctioning power." *Adams v. Penn Line Services, Inc.*, 2009 WL

1514605, *4 (N.D. Ohio 2009).  Rule 11(c) provides, "[i]f, after notice and a

reasonable opportunity to respond, the court determines that Rule 11(b) has been

violated, the court may impose an appropriate sanction on any attorney, law firm,

or party that violated the rule or is responsible for the violation."  Fed.R.Civ.P.

11(c)(1). *Pro se* plaintiffs are not exempt from Rule 11 sanctions simply because they are not represented by counsel. *Graham v. Liberty Mut. Ins. Co.*, 2009 WL 1034942, *4 (E.D. Tenn. 2009)*, citing, *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 564 (1991)* ("Requiring *pro se* litigants to make the Rule 11 certification ensures that, in each case, at least one person has taken responsibility for inquiry into the relevant facts and law."); *see also* *Kaye v. Acme Investments, Inc.*, 2008 WL 4482304, *1 (E.D. Mich. 2008)* ("Pro se litigants must comply with Rule 11 no less than attorneys, and must make a reasonable inquiry as to whether the pleading in question is well-grounded in fact and warranted by existing law."). The primary purpose of Rule 11 sanctions is to deter future conduct of a like nature. *Kaye*, at *1. Notably, a plaintiff's intentional misrepresentation on the record is serious misconduct warranting dismissal as a sanction. *Amadasu v. General Revenue Corp.*, 2008 WL 207936, *5 (S.D. Ohio 2008)*.

In the circumstances of this case, undersigned suggests that Rule 11 sanctions should be imposed on plaintiff. Nothing in plaintiff's complaint suggests that he is anyone other than the holder of the mortgage debt that is the subject matter of the complaint. The undersigned finds the complaint to be, at best, a misrepresentation of plaintiff's true role in the events about which he complains and a misrepresentation by omission that his father is the real party in

interest – the debtor.  Not until plaintiff filed his response to the motion to dismiss on February 23, 2009, did he reveal that his father executed the adjustable rate mortgage on the subject property.  (Dkt. 14, p. 1).  And, while plaintiff claimed that his father "added" him to the deed the day after his father executed the mortgage, no such evidence has been provided to the Court.  *Id*.  Based on the foregoing, the undersigned suggests that plaintiff violated Rule 11 because his complaint was not "well-grounded in fact" and constitutes an intentional misrepresentation of the critical fact that he was not the mortgage debtor and that his father was, in fact, the debtor.  Under the circumstances of this case, the undersigned suggests that monetary sanctions are not warranted and that this request should be denied without prejudice.  Rather, in the alternative to the grounds for the dismissal recommended above, the undersigned recommends that plaintiff's complaint be dismissed with prejudice based on his violations of Rule 11.

## IV.   RECOMMENDATION

The undersigned **RECOMMENDS** that the Court **GRANT** defendants' motions to dismiss and **DISMISS** plaintiff's complaint in its entirety without prejudice to the real party-in-interest, James King, except as to the claimed violation of Fourteenth Amendment due process, which should be dismissed with

prejudice.  The undersigned further **RECOMMENDS** that the Court **DENY**
plaintiff's motion for preliminary injunction.  In the alternative, the undersigned
**RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice,
except as to the real party-in-interest, James King, based on plaintiff's violation of
Rule 11.

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to file any objections within 10 days of service,
as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file
specific objections constitutes a waiver of any further right of appeal. *Thomas v.
Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d
505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others
with specificity will not preserve all the objections a party might have to this
Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931
F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829
F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any
objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"
etc.  Any objection must recite precisely the provision of this Report and
Recommendation to which it pertains.  Not later than 10 days after service of an

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
*King v. IB Property Holdings*; 08-14864

objection, the opposing party must file a concise response proportionate to the

objections in length and complexity.  The response must specifically address each

issue raised in the objections, in the same order, and labeled as "Response to

Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that

any objections are without merit, it may rule without awaiting the response.

Date: June 4, 2009                               s/Michael Hluchaniuk
                                                 Michael Hluchaniuk
                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 4, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Steven A. Matta, Michael J. Sullivan and Monika L. Sullivan, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: E. Noel King, 4626 Stoneleigh Road, Bloomfield Hills, MI 48302.

                                                 s/James P. Peltier
                                                 Courtroom Deputy Clerk
                                                 U.S. District Court
                                                 600 Church Street
                                                 Flint, MI 48502
                                                 (810) 341-7850
                                                 pete_peltier@mied.uscourts.gov

Report and Recommendation
Motions to Dismiss, Preliminary Injunction, and Sanctions
King v. IB Property Holdings; 08-14864